

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| REGINALD C. SWEAT,<br>　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 9:09-1255-HFF-BM |
| | § |
| DORRIS COOK, Head Nurse,<br>DR. HARRY MCKENN,<br>　　　Defendants. | §<br>§<br>§ |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment be denied and that Defendants' motion for summary judgment be granted and the case be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 12, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on March 18, 2010.

In his Objections, Plaintiff contends that he was denied medical treatment and medication for four months between December 11, 2008, and April 15, 2009. Based on this, he insists that Defendants were deliberately indifferent to his serious medical needs. Plaintiff states that his medical records will confirm his claims, and he asks the Court to review those records.

In reviewing Plaintiff's medical records, it appears that he went to the prison clinic on December 11, 2008, complaining of back and neck pain and seeking a new medication because the Ibuprofen he was taking was upsetting his stomach. (Defs.' Mot. for Summ. J. Ex. B at 12.) According to the records, Plaintiff still had one Ibuprofen refill at that time and his next doctor's appointment was scheduled for January 13, 2009. The records next indicate that on January 6, 2009, Plaintiff was not seen by the doctor due to time constraints, and his appointment was rescheduled. (Defs.' Mot. for Summ. J. Ex. B at 11-12.) On January 25, 2009, an appointment was scheduled for Plaintiff to see the doctor on March 10, 2009. Plaintiff met with the nurse again on March 10, 2009, and he indicated that he still had pain from his prior fall and that he had been without pain medication for one month. (Defs.' Mot. for Summ. J. Ex. B at 11.) However, the nurse noted that Plaintiff was not in distress and was smiling and talkative. (Defs.' Mot. for Summ. J. Ex. B at 11.) At that meeting, a doctor's appointment was scheduled for April 15, 2009. At that appointment, Plaintiff was seen by Dr. McKinney, and, following an examination, he was prescribed Motrin and Robaxin. (Defs.' Mot. for Summ. J. Ex. B at 10.)

This review of Plaintiff's medical records undermines his assertion that he was denied medical treatment between December 2008 and April 2009, though it confirms that he was not

prescribed any new pain medications during that time period. However, the records also indicate that Plaintiff still had Ibuprofen at least until February.

"In order to state a claim under the Eighth Amendment, a prisoner must allege that "the prison official acted with a sufficiently culpable state of mind and ... [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious." *Smith v. Smith* 589 F.3d 736, 738 (4th Cir. 2009) (citations omitted). Plaintiff has failed to demonstrate either of these requirements.

The Supreme Court has "found that deliberate indifference can be manifested in at least the following three manners: 'by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.' " *Id.* at 738-39 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). Interpreting *Estelle*, another court in this Circuit noted that, "a prisoner cannot state a constitutional claim if he has only minor medical needs. Neither can he state a claim if his needs are inadvertently neglected." *Goff v. Bechtold*, 632 F. Supp. 697, 698 (S.D.W. Va. 1986). Although Plaintiff's appointments were rescheduled over a period of months, there is no evidence suggesting that this was done deliberately to deprive Plaintiff of medical care. Further, Plaintiff was actually treated by a nurse in March 2009.* Thus, Plaintiff has failed to demonstrate that Defendants acted with deliberate indifference.

Furthermore, Plaintiff has failed to demonstrate that the deprivation of pain medication for a couple of months was sufficiently serious to rise to the level of an Eighth Amendment violation. "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as

---

*Moreover, though the Court sympathizes with the back pain Plaintiff was experiencing between December 2008 and April 2009, his pain was chronic pain associated with an injury that occurred months prior to the period of which he complained.

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Shelton v. Angelone*, 148 F. Supp. 2d 670 (W.D. Va. 2001) (citation omitted). During the period complained of, two registered nurses treated Plaintiff and failed to conclude that an immediate prescription for pain medication was necessary. Thus, because Plaintiff has failed to establish either factor necessary for a claim of deliberate indifference in violation of the Eighth Amendment, the Court agrees with the Magistrate Judge's recommendation. *See also Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

Along with his Objections, Plaintiff also filed a motion for de novo review of his medical records. As noted above, this Court's review is de novo as to the portions of the Report to which Plaintiff objects. Thus, Plaintiff's motion will be granted.

After he filed his Objections, Plaintiff filed a letter stating that last month (March), he was denied medical treatment for four days after he contracted food poisoning or a stomach virus. To the extent Plaintiff is attempting to amend his complaint to include events that occurred since the filing of his Complaint, his motion is denied. Alternatively, even if the amendment were considered, Plaintiff's conclusory allegations as to this new incident, without more, are insufficient to state a claim for deliberate indifference. Thus, the new allegations are dismissed without prejudice.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court

that Plaintiff's motion for summary judgment is **DENIED** and that Defendants' motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

Further, Plaintiff's motion for de novo review of those portions of the Report specifically objected to is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 8th day of April, 2010, in Spartanburg, South Carolina.

<pre>
                                        s/ Henry F. Floyd
                                        HENRY F. FLOYD
                                        UNITED STATES DISTRICT JUDGE
</pre>

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.